## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THUNDER ENERGY SOLUTIONS, INC.,**

        **Plaintiff,**

**v.**

**DEEP ROOTS ENERGY SERVICES, LLC;
JORDAN ZAKOVEC, individually; RICK FRAME,
individually; JOSH BAILEY, individually; JAMES DANIEL
MOODY, individually; and SUSAN MOODY, individually;**

        **Defendants.**

> ELECTRONICALLY FILED
> Dec 22 2021
> U.S. DISTRICT COURT
> Northern District of WV

Civil Action No. **2:21-CV-30**

Judge **Kleeh**

## COMPLAINT

NOW COMES, Plaintiff Thunder Energy Solutions, Inc. (hereinafter "Thunder Energy" or "Plaintiff"), through their counsel Steptoe & Johnson PLLC and complains as follows:

## PARTIES

1. Plaintiff is a California Corporation with its principal place of business in Huntington Beach, California.

2. Defendant Deep Roots Energy Services, LLC is a West Virginia limited liability company with its principal place of business in Weston, West Virginia.

3. Upon information and belief, Defendant Jordan Zakovec is a West Virginia resident, whose address is 1326 Brushy Fork Road, Buckhannon, West Virginia.

4. Defendant Zakovec is a Member of Defendant Deep Roots Energy Services, LLC.

5. Upon information and belief, Defendant Rick Frame is a West Virginia resident, whose address is 431 Sycamore Lick Road, Jane Lew, West Virginia.

6. Defendant Frame is a Member of Defendant Deep Roots Energy Services, LLC.

7. Upon information and belief, Defendant Josh Bailey is a West Virginia resident, whose address is 102 Pricetown Road, Weston, West Virginia.

8. Defendant Bailey is a Member of Defendant Deep Roots Energy Services, LLC.

9. Upon information and belief, Defendant James Daniel Moody ("Dan Moody") is a West Virginia resident, whose address is 1855 US Highway 33, Weston, West Virginia.

10. Defendant Dan Moody is a Member of Defendant Deep Roots Energy Services, LLC.

11. Upon information and belief, Defendant Susan Moody is a West Virginia resident, whose address is 1855 US Highway 33, Weston, West Virginia.

12. Defendant Susan Moody is a Member of Defendant Deep Roots Energy Services, LLC.

## JURISDICTION AND VENUE

13. Venue is proper in this Court as all Defendants reside within the geographic region encompassed by the United States District Court for the Northern District of West Virginia.

14. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 as the amount in controversy in the instant civil action exceeds $75,000, exclusive of interests and costs, and as complete diversity of citizenship exists between Plaintiff and all Defendants.

## FACTS

15. On December 28, 2020, Plaintiff and Defendants entered into a Loan and Security Agreement (the "Agreement") and a Promissory Note ("Note") whereby Plaintiff would lend Defendants $200,000.00 (the "Funds") in immediately accessible funds for the sole purpose of financing Defendants' ability to satisfy a bonding requirement for a contract between Defendants and Frontier Communications.  **Exhibit 1**, *Agreement*; **Exhibit 2**, *Note*.

16. The Note provided that payment under the Agreement would be made in five, equal, monthly installments of $50,000 beginning on February 1, 2021.

13821806.1

17. The total amount reimbursed by Defendants to Plaintiff was to be $250,000, reflecting an interest rate of 25% annum, agreed to at arm's length between Plaintiff and Defendants.

18. Defendants satisfied their first monthly obligation under the Agreement and Note on February 1, 2021.

19. No additional payments have been made under the Agreement and Note since February 1, 2021.

20. The Agreement states that the following events constitute an "Event of Default" under the Agreement and Note:

> a.    The failure of Borrower to make any payment promptly when due of principal, interest or any other sums due under any one or more of (a) this Agreement, or (b) the Note (collectively "Loan Documents").
>
> . . .
>
> c.    The fraud or malfeasance of Borrower in the use or application of any proceeds of the Loan.
>
> d. The falsity in any material respect of any representation or warranty by Borrower to Lender contained in the Loan Agreement or any of the Loan Documents. . .

21. The Note unambiguously provided notice to Defendants that "[i]n the event this Note is placed in the hands of an attorney for collection or is collected through any court . . . or in the event suit is brought to collect any amounts owed under this Note, Borrower shall pay reasonable attorneys' fees, expert's fees, and all costs incurred in the connection with such collection process, including those for collection efforts, trial, arbitration, or appeals."

22. Defendants Zakovec and Bailey executed a notarized affirmation that stated "[f]unds from Thunder Energy Solutions LLC a California corporation will be used to ensure payroll debts, and

3

13821806.1

operational expenses associated with drop bury, fiber optic projects with Unitek (T3) while ensuring the success of the completion of the KMT upcoming project." **Exhibit 3**, *Affirmation*.

23. Per the Note, the Funds were to "be used towards Borrower's bonding requirements as set forth in the contract with Frontier dated December 28, 2020." **Ex. 2**, ¶ 2.

24. Per the Agreement, the Funds were to be advanced "towards Borrower's bonding requirements as set forth in the contract with Frontier dated December 28, 2020." **Ex. 1**, ¶ 2.

25. Absent confirmation of Defendants' material representations regarding the intended use of the Funds, Plaintiff would not have entered into the Agreement and Note with Defendants.

26. On information and belief, all Defendants were aware of and consented to the Affirmation made by Defendants Zakovec and Bailey regarding the intended use of the Funds.

27. On information and belief, the Funds were not used for their stated purpose by Defendants.

28. Upon Defendants' default of the Note and Agreement, Plaintiff sent Defendants a July 8, 2021 "Demand Letter for Payment." **Exhibit 4**, *Demand Letter*.  The Demand Letter informed Defendants of their breach of the Agreement and Note, and the then-outstanding balance of $200,000 due and owing to Plaintiff from Defendants.

29. Plaintiff afforded Defendants with a fourteen day period in which to satisfy their debt to Plaintiff.

30. As of the date of this filing, Defendants have not paid the past due account balance to Thunder Energy.

**COUNT I:  BREACH OF CONTRACT**
**Thunder Energy Solutions, Inc. v. Deep Roots Energy Services, LLC**

31. The averments set forth in paragraphs 1-30 above are incorporated by reference as if fully set forth herein.

13821806.1

32.  At all times material hereto, the Agreement and Note, including their incorporated exhibits and the Affirmation, were the only written instruments that memorialized the duties and obligations of the parties as to the repayment of the Funds.

33.  The Agreement and Note are legally binding contracts, containing all of the necessary elements to contract formation in the State of California, including mutual acceptance, legal terms, consideration, and a signature of all parties.

34. Defendants Bailey, Frame, and Zakovec were authorized to and entered the Agreement and Note on behalf of Defendant Deep Roots Energy Services, LLC.

35. Defendants Dan and Susan Moody were aware of the Agreement and Note and provided their assent to Defendants Bailey, Frame, and Zakovec to enter into the same and to provide certain warranties and representations of fact regarding the intended use of the Funds.

36. Defendant Deep Roots Energy Services, LLC breached the terms of the Agreement and Note by failing to remit payment under the terms thereunder, and by committing fraud in the inducement of the Agreement and Note by misrepresenting the intended use of the Funds (Count II).

37. Plaintiff seeks a judgment in its favor for Defendant's breach, including a return of its principal investment and all accrued interest and fees thereon from the date of Defendant's breach to the present, the attorneys' fees and costs incurred by the Plaintiff in litigating this action, punitive damages, pre-judgment interest, post-judgment interest, and any and all other sums this Court deems appropriate.

## COUNT II:  FRAUDULENT MISREPRESENTATION
### Thunder Energy Solutions, LLC v. All Defendants

38. The averments set forth in paragraphs 1-37 above are incorporated by reference as if fully set forth herein.

5

13821806.1

39. Fraud is shown by proving that a material and false act was performed by a Defendant; that such material and false act was relied upon by Plaintiff; that Plaintiff was justified under the circumstances in relying upon it, and; that Plaintiff was damaged as a result of that reliance.

40. The Defendants falsely represented their intended use for the Funds.

41. The Defendants' intended use of the Funds was a material term of the Agreement and Note, as is evidenced by the memorialization of the Defendants' intended use of the funds in the Agreement, Note, and Affirmation.

42. The Defendants knew that their intended use for the Funds was separate from their stated use of the Funds and also knew that, without misrepresenting to Plaintiff that the Funds were to be used for the purpose set forth in Affirmation, Agreement, and Note, that Funds would not be extended to Defendants.

43. Absent Defendants stating their intend use for the Funds in the Agreement, Note, and Affirmation, Plaintiff would not have loaned the Funds to Defendants.

44. Plaintiff was justified in relying on the affirmative statements of fact made by Defendants in the Affirmation, the Agreement, and the Note regarding Defendants' stated use of the Funds.

45. Plaintiff has been damaged by Defendants' fraudulent misrepresentation of material fact.

46. As a result, Plaintiff wishes to void the Agreement, and seeks a judgment mandating the return of its principal investment and all accrued interest and fees thereon from the date of Defendants' breach to the present, the attorneys' fees and costs incurred by the Plaintiff in litigating this action, punitive damages, pre-judgment interest, post-judgment interest, and any and all other sums this Court deems appropriate.

13821806.1

## COUNT III:  PIERCING OF THE CORPORATE VEIL
### Thunder Energy Solutions, LLC v. Defendants Zakovec, Frame, Bailey, Dan Moody, and Sandy Moody (the "Individual Defendants")

47. The averments set forth in paragraphs 1-46 above are incorporated by reference as if fully set forth herein.

48. West Virginia law permits the equitable piercing of the limited liability company veil in certain circumstances.  W. Va. Code § 31B-3-303.

49. Factors used to determine whether a Court should pierce the LLC veil in West Virginia include, but are not limited to, the following:

> (1) commingling of funds and other assets of the corporation with those of the individual shareholders;
>
> (2) diversion of the corporation's funds or assets to noncorporate uses (to the perers);
>
> (3) failure to maintain the corporate formalities necessary for the issuance of or subscription to the corporation's stock, such as formal approval of the stock issue by the board of directors;
>
> (4) an individual shareholder representing to persons outside the corporation that he or she is personally liable for the debts or other obligations of the corporation;
>
> (5) failure to maintain corporate minutes or adequate corporate records;
>
> (6) identical equitable ownership in two entities;
>
> (7) identity of the directors and officers of two entities who are responsible for supervision and management (a partnership or sole proprietorship and a corporation owned and managed by the same parties);
>
> (8) failure to adequately capitalize a corporation for the reasonable risks of the corporate undertaking;
>
> (9) absence of separately held corporate assets;

7

13821806.1

(10) use of a corporation as a mere shell or conduit to operate a single venture or some particular aspect of the business of an individual or another corporation;

(11) sole ownership of all the stock by one individual or members of a single family;

(12) use of the same office or business location by the corporation and its individual shareholder(s);

(13) employment of the same employees or attorney by the corporation and its shareholder(s);

(14) concealment or misrepresentation of the identity of the ownership, management or financial interests in the corporation, and concealment of personal business activities of the shareholders (sole shareholders do not reveal the association with a corporation, which makes loans to them without adequate security);

(15) disregard of legal formalities and failure to maintain proper arm's length relationships among related entities;

(16) use of a corporate entity as a conduit to procure labor, services or merchandise for another person or entity;

(17) diversion of corporate assets from the corporation by or to a stockholder or other person or entity to the detriment of creditors, or the manipulation of assets and liabilities between entities to concentrate the assets in one and the liabilities in another;

(18) contracting by the corporation with another person with the intent to avoid the risk of nonperformance by use of the corporate entity; or the use of a corporation as a subterfuge for illegal transactions;

(19) the formation and use of the corporation to assume the existing liabilities of another person or entity.

*Kubican v. The Tavern, LLC*. 232 W. Va. 268, 281 (2013).

50. On information and belief, the Individual Defendants have improperly used the limited liability company Deep Roots Energy Services, LLC for impermissible personal gain.

8

13821806.1

51. On information and belief, the Individual Defendants have comingled the funds of Deep Roots Energy Services, LLC with their own funds.

52. On information and belief, the Individual Defendants have failed to maintain adequate minutes and records of the business endeavors of Deep Roots Energy Services, LLC

53. On information and belief, the Individual Defendants have failed to adequately capitalize Deep Roots Energy Services, LLC for the reasonable risks of its commercial undertaking.

54. On information and belief, the Individual Defendants disregarded the legal formality of Deep Roots Energy Services, LLC and have taken actions separate and apart from the stated purposes of Deep Roots Energy Services, LLC.

55. On information and belief, the Individual Defendants have improperly used Deep Roots Energy Services, LLC as a conduit to procure funds for their own personal use.

56. On information and belief, the Individual Defendants have improperly comingled their own assets with assets belonging to Deep Roots Energy Services, LLC.

57. On information and belief, the Individual Defendants have taken additional and other actions than those set forth herein, which actions are inconsistent with recognizing Deep Roots Energy Services, LLC as a separate legal entity, and instead were taken by the individual Defendants to use Deep Roots Energy Services, LLC as a vehicle for fraud.

58. There exists a unity of interest and ownership between Deep Roots Energy Services, LLC and the Individual Defendants such that the separate personalities of Deep Roots Energy Services, LLC and the Individual Defendants no longer exist.

59. Injustice or an inequitable result would occur if the limited liability company veil is not pierced in this situation as, upon information and belief, the Funds advanced to Deep Roots Energy Services, LLC are in the hands of the Individual Defendants who absconded with said Funds after

9

making fraudulent assurances in their roles as Members of Deep Roots Energy Services, LLC that said Funds would be used for the purpose stated in the Agreement, Note and Affirmation.

60. As a result, Plaintiff seeks a judgment in its favor against the Individual Defendants for the breach of contract identified in Count I, including the entry of an award in its favor against the Individual Defendants comprising of a return of its principal investment and all accrued interest and fees thereon from the date of Defendants' breach to the present, the attorneys' fees and costs incurred by the Plaintiff in litigating this action, punitive damages, pre-judgment interest, post-judgment interest, and any and all other sums this Court deems appropriate.

## COUNT IV:  UNJUST ENRICHMENT
### Thunder Energy Solutions, LLC v. All Defendants

61. The averments set forth in paragraphs 1-59 above are incorporated by reference as if fully set forth herein.

62. Plaintiff advanced funds to Defendants in the amount of $200,000, with the promise that the principal balance and accrued interest of $50,000 would be returned to Plaintiff within six months of the loan origination.

63. Defendants were fully aware of and accepted the benefits conferred upon them by Plaintiff.

64. Defendants' use and retention of the Funds provided to them by Plaintiff without remuneration would be inequitable and unjust.

65.  Additionally, due to Defendants' failure to timely repay the Funds and interest, Defendants have retained cash due and owing to Plaintiff, which could otherwise be used by Plaintiff for investment or commercial purposes.

66. Defendants have been unjustly enriched by retaining the benefit conferred by Plaintiff without repayment of the Funds.

10

13821806.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Thunder Energy Solutions, LLC, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants for the return of its principal investment and all accrued interest and fees thereon from the date of Defendants' breach to the present, the attorneys' fees and costs incurred by the Plaintiff in litigating this action, punitive damages, pre-judgment interest, post-judgment interest, and any and all other sums this Court deems appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL.**

Respectfully submitted this 22nd day of December 2021.

**STEPTOE & JOHNSON PLLC**

/s/ R. Mitch Moore
Robert Edward Ryan (WV State Bar No. 8596)
R. Mitch Moore (WV State Bar No. 13659)
Steptoe & Johnson PLLC
1000 Swiss Pine Way, Suite 200
P.O. Box 1616
Morgantown, WV 26507-1616
304.598.8000
304.598.8116 (fax)

13821806.1